UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY L. KLOTZ,

                Petitioner,

      v.                                        Case No. 14-CV-1040

REED RICHARDSON,

                Respondent.

## DECISION AND ORDER

### I. Facts and Procedural History

On August 25, 2015, Gary L. Klotz, a person in custody pursuant to a judgment of a Wisconsin circuit court, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The petition was initially assigned to the Honorable William E. Callahan, who screened the petition and ordered the respondent to answer. (ECF No. 4.) The respondent filed his answer on December 5, 2014. (ECF No. 10.) Klotz submitted a brief in support of his petition on January 20, 2015 (ECF No. 11), to which the respondent submitted a response (ECF No. 12). The matter was reassigned to this court upon the retirement of Judge Callahan, and all parties consented to have this court enter

final judgment. (ECF No. 13, 14.) On April 6, 2015, Klotz submitted a reply brief (ECF No. 15), and Klotz's petition is now ready for resolution.

In 1994, Klotz was sentenced to a cumulative sentence of 12 years in prison to be followed by 15 years of probation for four counts of first-degree sexual assault of a child. (ECF No. 10-1 at 1-2.) While in prison, an additional five years of prison time were added when he was convicted of solicitation to commit arson arising out of his attempt to hire someone to burn the home of the juvenile victims of his sexual assaults. (ECF No. 10-1 at 3-4.) He was released from prison in 2005 and as a condition of his probation was placed on home confinement and electronic monitoring. His probation was subsequently revoked in 2010 and he was sentenced to eight more years in prison. (ECF No. 10-11 at 41.) Klotz argued at his sentencing hearing following revocation that he should receive roughly five years of credit towards the eight-year sentence for the time he spent on home confinement and electronic monitoring while on probation. (ECF No. 10-11 at 42-46.) The Wisconsin Circuit Court rejected Klotz's argument. (ECF No. 10-11 at 51-52.) In an unpublished per curiam decision, the Wisconsin Court of Appeals agreed with the circuit court. (ECF No. 10-6.) The Wisconsin Supreme Court denied review on November 21, 2013. (ECF No. 10-9.)

## II. Standard of Review

A federal court may consider habeas relief for a petitioner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. §2254(a). Following the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Miller v. Smith*, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1), (2)). It is not enough for the federal court to conclude that the state court's decision was incorrect. *Carter v. Butts*, 760 F.3d 631, 635 (7th Cir. 2014) (citing *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002)). Rather, the decision of the state court must have been unreasonable. *Id.* In the context of a decision that is allegedly contrary to clearly established federal law, the petitioner must show that "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011)).

### III.    Analysis

Under Wisconsin law, a person is entitled to sentencing credit only for time spent in custody. Wis. Stat. § 973.155(1)(a). In defining what constitutes "custody," the Wisconsin Supreme Court looked to the definition of "custody" found in the state's escape statute, Wis. Stat. § 946.42, holding that "an offender's status constitutes custody

3

whenever the offender is subject to an escape charge for leaving that status." *State v. Magnuson*, 2000 WI 19, ¶ 25, 233 Wis. 2d 40, 606 N.W.2d 536.

Klotz's first argument is essentially that the Wisconsin court misapplied Wisconsin law in concluding that his time spent on electronic monitoring was not eligible for sentencing credit. (ECF No. 1 at 7-18.) Klotz argues that when he was on electronic monitoring he was under the Department of Correction's intensive sanctions program, *see* Wis. Stat. § 301.048, and as a result was entitled to sentence credit for the time spent on electronic monitoring, *see State v. Pfeil*, 2007 WI App 241, ¶ 11, 306 Wis. 2d 237, 742 N.W.2d 573.

That claim, which presents only a question of state law, is not cognizable in a federal habeas corpus proceeding under 28 U.S.C. § 2254 because habeas corpus proceedings are limited to the question of whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Consequently, Klotz's first argument does not set forth a basis upon which this court can award habeas relief.

Klotz's second argument is that the circuit court should have afforded him an evidentiary hearing before denying his motion for sentence credit. (ECF No. 1 at 18-29.) The circuit court denied him an evidentiary hearing because the issue regarding

4

whether he should be given sentence credit for the time spent on electronic monitoring had already been heard and decided at his sentencing hearing. (ECF No. 1-2 at 70-71.) The respondent contends that Klotz is procedurally barred from presenting this second argument because he did not raise it in the Wisconsin Court of Appeals. (ECF No. 12 at 11.) Alternatively, the respondent argues that the claim is procedurally defaulted because it is unexhausted and is otherwise barred because it rests solely upon state law. (ECF No. 12 at 12-14.) In reply, Klotz did not address the respondent's arguments. (ECF No. 15.)

Whether or not to hold an evidentiary hearing under the circumstances Klotz presents also raises only a question of state law and cannot justify habeas relief from this court. 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68. Moreover, Klotz did not assert the denial of an evidentiary hearing as a claim for relief with either of Wisconsin's appellate courts, even to argue that the state trial court's denial of a hearing was a violation of state law, much less a violation of federal constitutional law. The only reference in his appellate brief to an evidentiary hearing was (1) in a general recitation of the case's procedural history (ECF No. 1-2 at 44), (2) in a footnote wherein he stated, "If this court should conclude that further facts are necessary to the resolution of this case, Mr. Klotz requests a remand for an evidentiary hearing" (ECF No. 1-2 at 47, fn. 4), and (3) in his conclusion where he reiterates that, "if this court determines further factual findings are necessary in order to resolve the legal issue presented, Mr. Klotz

5

requests a remand for an evidentiary hearing on his postconviction motion" (ECF No. 1-2 at 49). The only mention of an evidentiary hearing in Klotz's appellate reply brief is the final sentence in which he, again, states that "if this court determines further factual findings are necessary in order to resolve the legal issue presented, Mr. Klotz requests a remand for an evidentiary hearing on his postconviction motion." (ECF No. 10-5 at 7.) And the only reference to an evidentiary hearing in his petition for review to the Wisconsin Supreme Court is in his recitation of the history of the case. (ECF No. 1-2 at 113.)

By failing to fairly present the claim in each appropriate state court, the claim is unexhausted and therefore procedurally defaulted. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Klotz offers no argument explaining why his procedural default should be excused. *See McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013). The fact that this claim is procedurally defaulted is a second, independent reason why Klotz is not entitled to habeas relief on his second claim.

Klotz's final claim is that Wisconsin's scheme, whereby some persons placed on home confinement with electronic monitoring receive sentence credit and others do not, depending upon the circumstances under which they were placed on electronic monitoring, violates his constitutional right to equal protection of the laws. (ECF No. 1 at 29-33.) A person can be placed on electronic monitoring under a variety of

circumstances. For example, before trial a defendant may be placed on home detention with electronic monitoring. (ECF No. 1-2 at 46 (citing Wis. Stat. § 346.425).) Or a person can be released on extended supervision and placed on electronic monitoring as part of the intensive sanctions program. (ECF No. 1-2 at 47 (citing Wis. Stat. § 301.048(2)(m)3m).) Under either circumstance, the person can be charged with escape if he flees, and as such he receives sentence credit for time spent on electronic monitoring. (ECF No. 1-2 at 46-47.)

A state needs only a rational basis to treat classes of persons differently, provided those differences do not target fundamental rights or a suspect class. *Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2079-80 (2012). Because no fundamental right or suspect class is at issue here, the only issue is whether a rational basis exists for the distinction drawn by the state. The rational basis identified by the Wisconsin Court of Appeals for construing the term "custody" to mean a status where an offender is subject to an escape charge is to create "a bright-line rule that would help relieve an unnecessary burden upon sentencing courts as well as promote consistency in establishing sentence credit." (ECF No. 10-6, ¶ 9.)

"[R]ational-basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'" *Heller v. Doe*, 509 U.S. 312, 319 (1993) (quoting *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)). "Nor does it authorize 'the judiciary [to] sit as a superlegislature to judge the wisdom or

7

desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.'" *Id.* (quoting *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (per curiam)). The state need not articulate its rationale for treating groups differently; rather, "a classification 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* at 320 (quoting *Beach Communications*, 508 U.S. at 313). Classifications are presumed constitutional, and thus the burden rests with the person challenging the classification to negate every conceivable basis that might support it. *Armour*, 132 S. Ct. at 2080 (quoting *Heller*, 509 U.S. at 320).

The court is unable to conclude that the decision of the court of appeals was contrary to or an unreasonable application of any clearly established federal law as determined by the United States Supreme Court or was based on an unreasonable determination of the facts. Specifically, the Court of Appeals' decision that a rational basis exists for the *Magnuson* court's definition of "custody" was not contrary to or an unreasonable application of any clearly established federal law or based on an unreasonable determination of the facts. As such, this court cannot grant Klotz habeas corpus relief. Accordingly, the court must deny Klotz's petition.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether

the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Klotz's petition for a writ of habeas corpus is denied and this action is dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 1st day of June, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge